TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Attorney for the Plaintiff, proposed FLSA Collective,
and potential Rule 23 Class

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

CAI LING LIU,
on behalf of herself and others similarly situated,

          Plaintiff,

      v.

DSM LAUNDROMAT INC.
  d/b/a D.S.M. Laundromat & Dry Cleaners,
JOHN DOE CORP.
  d/b/a M.Y. Laundromat,
JOHN ROE CORP.
  d/b/a Dry Clean Laundry and Wash Center,
DING YIN YU
  a/k/a Ding Xian Yu,
MING SEN YU, and
MEI YING YU
  a/k/a Mei Yung Yu
  a/k/a Mei Y Yu
  a/k/a Mei Yu,

         Defendants.

-----------------------------------------------------------------x

**Case No: 17-cv-6648**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION &**
**FED. R. CIV. P. 23 CLASS**
**ACTION**

**COMPLAINT**

   Plaintiff CAI LING LIU (hereinafter referred to as "Plaintiff"), on behalf of herself and

others similarly situated, by and through her attorneys, Troy Law, PLLC, hereby brings this

complaint against Defendants DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry

Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, JOHN ROE CORP. d/b/a Dry Clean

Laundry and Wash Center, DING YIN YU a/k/a Ding Xian Yu, MING SEN YU, and MEI

YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu, (hereinafter referred to as

"Defendants").

## INTRODUCTION

1.      This action is brought by Plaintiff, on behalf of herself as well as other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.* and of the New York Labor Law ("NYLL") and implementing New York Codes, Rules, and Regulations ("NYCRR"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, NYLL, and NYCRR by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, wages for each hour worked, minimum wage for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

3.      Defendants willfully failed to record all of the time that Plaintiff and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week and ten (10) hours per day.

4.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid minimum wages, (3) unpaid overtime, (4) liquidated damages; (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

5.      Plaintiff further alleges pursuant to the NYLL § 650 *et seq.* and 12 NYCRR § 146 that he is entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid minimum wages, (3) unpaid overtime, (4) unpaid spread-of-hours; (5) liquidated damages equal to one hundred percent (100%) of the sum of unpaid wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (6) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (7) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to

provide a wage statement that accurately and truthfully lists employee's hours along with the name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day (8) nine percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") NYCPLR § 5004, (9) post-judgment interest, and (10) attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF**

8.      Plaintiff CAI LING LIU is a resident of Queens County, New York and was employed by Defendants as a laundry attendant at M.Y. Laundromat, located at 31-08 81st Street, Jackson Heights, NY 11370 and at D.S.M. Laundromat & Dry Cleaners, located at 89-01 Astoria Boulevard, East Elmhurst, NY 11369.

**DEFENDANTS**

*Corporate Defendants*

9.      Defendant DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners is a domestic business corporation organized under the laws of the State of New York with a principal address at 89-01 Astoria Boulevard, East Elmhurst, NY 11369.

10.     Upon information and belief, DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners is a business engaged in interstate commerce with gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

11.     Upon information and belief, DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners purchased and handled goods moved in interstate commerce.

12.     Defendant JOHN DOE CORP. d/b/a M.Y. Laundromat is a domestic business corporation organized under the laws of the State of New York with a principal address at 31-08 81st Street, Jackson Heights, NY 11370.

13.     Upon information and belief, JOHN DOE CORP. d/b/a M.Y. Laundromat is a business engaged in interstate commerce with gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

14.     Upon information and belief, JOHN DOE CORP. d/b/a M.Y. Laundromat purchased and handled goods moved in interstate commerce.

15.     Defendant JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center is a domestic business corporation organized under the laws of the State of New York with a principal address at 65-11 Metropolitan Avenue, Middle Village, NY 11379.

16.     Upon information and belief, JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center is a business engaged in interstate commerce with gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

17.     Upon information and belief, JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center purchased and handled goods moved in interstate commerce.

***Individual Defendants***

18.     The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest corporate shareholders

are individually responsible for unpaid wages under the New York Business Corporation Law ("NYBSC") § 630(a).

19.     DING YIN YU a/k/a Ding Xian Yu, known as "Boss" to Plaintiff, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center.

20.     Upon information and belief, DING YIN YU a/k/a Ding Xian Yu is the principal and day-to-day manager of D.S.M. Laundromat & Dry Cleaners and Dry Clean Laundry and Wash Center, the Chief Executive Officer of and person to whom the New York Department of State will mail service if accepted on behalf of DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, and the owner of 31-08 81st Street, Jackson Heights, NY 11370 and 65-11 Metropolitan Avenue, Middle Village, NY 11379, the sites of M.Y. Laundromat and Dry Clean Laundry and Wash Center respectively.

21.     Upon information and belief, DING YIN YU a/k/a Ding Xian Yu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center.

22.     MING SEN YU (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee

rates and methods of payment, and (4) maintained employee records at DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center.

23.     Upon information and belief, MING SEN YU is the spouse of DING YIN YU a/k/a Ding Xian Yu, and the co-owner with DING YIN YU a/k/a Ding Xian Yu of 31-08 81st Street, Jackson Heights, NY 11370 and 65-11 Metropolitan Avenue, Middle Village, NY 11379, the sites of M.Y. Laundromat and Dry Clean Laundry and Wash Center respectively.

24.     Upon information and belief, MING SEN YU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center.

25.     MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center.

26.     Upon information and belief, MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu is the younger sister of DING YIN YU a/k/a Ding Xian Yu, and the principal and day-to-day manager of M.Y. Laundromat.

27.     Upon information and belief, MING SEN YU acted intentionally and maliciously and is

an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL § 2, and regulations promulgated thereunder, and is jointly and severally liable with DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center.

### STATEMENT OF FACTS

**CORPORATE DEFENDANTS CONSTITUTE AN ENTERPRISE**

28.     At all relevant times herein, DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center were, and continue to be, a single employer with a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common business purposes and interrelated business goals.

29.     DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center together constitute an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

30.     DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center purchase and handle goods moved in interstate commerce.

31.     DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash Center operate three (3) active laundromats and/or dry cleaners:

    a.      D.S.M. Laundromat & Dry Cleaners, located at 89-01 Astoria Boulevard, East

Elmhurst, NY 11369,

b.      M.Y. Laundromat, located at 31-08 81st Street, Jackson Heights, NY 11370, and

c.      Dry Clean Laundry and Wash Center, located at 65-11 Metropolitan Avenue,

Middle Village, NY 11379.

32.     DSM LAUNDROMAT INC. d/b/a D.S.M. Laundromat & Dry Cleaners, JOHN DOE

CORP. d/b/a M.Y. Laundromat, and JOHN ROE CORP. d/b/a Dry Clean Laundry and Wash

Center are owned and managed by the family members DING YIN YU a/k/a Ding Xian Yu,

MING SEN YU, and MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu.

33.     Upon information and belief, Defendants DSM LAUNDROMAT INC. d/b/a D.S.M.

Laundromat & Dry Cleaners, JOHN DOE CORP. d/b/a M.Y. Laundromat, and JOHN ROE

CORP. d/b/a Dry Clean Laundry and Wash Center frequently transfer employees, including

Plaintiff, between locations.

## DEFENDANTS COMMITTED THE FOLLOWING ALLEGED ACTS KNOWINGLY, INTENTIONALLY, AND WILLFULLY AGAINST THE PLAINTIFF, THE FLSA COLLECTIVE, AND THE CLASS

34.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and

similarly situated employees for each hour worked.

35.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and

similarly situated employees at least the New York minimum wage for each hour worked.

36.     While employed by Defendants, Plaintiff was not exempt under federal and state laws

requiring employers to pay employees overtime.

37.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and

similarly situated employees their lawful overtime of one and one-half times (1.5x) their regular

rate of pay for all hours worked over forty (40) in a given workweek.

38.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees their lawful spread of hours for workdays that began and ended ten (10) hours apart.

39.    At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiff's hours worked and wages paid.

40.    Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

41.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notices in English and their primary languages reflecting the employee's rate of straight-time pay, rate of overtime pay, basis of pay rate, and regular payday and the employer's official and "doing business as" names, main office or physical location address and telephone number, and allowances taken as part of the minimum wage, including for tips, meal, and lodging.

42.    At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with wage statements listing: the dates of work covered by that payment of wages; the rate of pay and basis thereof; gross wages; deductions; allowances, if any claimed as part of the minimum wage; and net wages.

43.    Defendants knew that the nonpayment of wages for all hours worked and the nonpayment of wages at one and one-half time (1.5x) employees' regular rates would financially injure Plaintiff and similarly situated employees, and violate state and federal laws.

44.    At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, and pay day.

**PLAINTIFF CAILING LIU,**

45.    From on or about April 27, 2007 to November 2015, Plaintiff CAI LING LIU was

employed by Defendants to work as a laundromat attendant at M.Y. Laundromat located at 31-08 81st Street, Jackson Heights, NY 11370.

46.    At the time she was hired, Defendants knowingly and willfully failed to provide Plaintiff CAI LING LIU with a Time of Hire Notice in English and her primary language (Chinese) reflecting her rate of straight-time pay, rate of overtime pay, basis of pay rate, and regular payday and the employer's official and "doing business as" names, main office or physical location address and telephone number, and allowances taken as part of the minimum wage, including for tips, meal, and lodging.

47.    On or about November 2015, Plaintiff CAI LING LIU was transferred by Defendants to work as a laundromat attendant at D.S.M. Laundromat & Dry Cleaners located at Astoria Boulevard, East Elmhurst, NY 11369.

48.    At the time she was transferred, Defendants knowingly and willfully failed to provide Plaintiff CAI LING LIU with a Time of Hire Notice in English and her primary language (Chinese) reflecting her rate of straight-time pay, rate of overtime pay, basis of pay rate, and regular payday and the employer's official and "doing business as" names, main office or physical location address and telephone number, and allowances taken as part of the minimum wage, including for tips, meal, and lodging.

49.    From on or about November 2015 to December 26, 2015, Plaintiff CAI LING LIU was employed by Defendants to work as a laundromat attendant at D.S.M. Laundromat & Dry Cleaners located at Astoria Boulevard, East Elmhurst, NY 11369.

50.    Throughout her employment, Plaintiff CAI LING LIU's regular work schedule ran from 7:30 to 18:30, eleven (11) hours per day, five days per week, Mondays, Tuesdays, Wednesdays, Fridays, and Saturdays, with Thursdays and Sundays off.

51.    Plaintiff CAI LING LIU was not afforded any rest or meal breaks during the working day.

52.    Plaintiff CAI LING LIU worked approximately fifty-five hours per week.

53.    From on or about April 27, 2017 to December 30, 2008, Plaintiff CAI LING LIU was paid at a rate of seven dollars and fifty cents ($7.50) per hour, in cash, including for hours worked over forty (40) each week.

54.    From on or about December 31, 2008 to December 30, 2012, Plaintiff CAI LING LIU was paid at a rate of eight dollars ($8.00) per hour, in cash, including for hours worked over forty (40) each week.

55.    From on or about December 31, 2012 to December 30, 2014, Plaintiff CAI LING LIU was paid at a rate of eight dollars and fifty cents ($8.50) per hour, in cash, including for hours worked over forty (40) each week.

56.    From on or about December 31, 2014 to December 26, 2015, Plaintiff CAI LING LIU was paid at a rate of nine dollars ($9.00) per hour, in cash, including for hours worked over forty (40) each week.

57.    Throughout her employment, Plaintiff CAI LING LIU was not paid overtime at a rate of 1.5 times her regular hourly rate for hours worked over forty (40) in a week.

58.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

59.    Throughout her employment, Plaintiff CAI LING LIU was not paid "spread of hours," an additional hour's pay at her regular hourly rate or the New York minimum wage, whichever is higher, for days when the interval between when she started and finished working is ten (10) or more hours apart.

60.     At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with wage statements listing: the dates of work covered by that payment of wages; the rate of pay and basis thereof; gross wages; deductions; allowances, if any claimed as part of the minimum wage; and net wages.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiff brings this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

62.     Plaintiff brings her NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

63.     All said persons, including Plaintiff, are referred to herein as the "Class."

64.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

65.     The proposed Class is so numerous that joinder of all members is impracticable, and the

disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

***Commonality***

66.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.    Whether Defendant employed Plaintiff and the Class members within the meaning of the NYLL;

b.    Whether Plaintiff and the Class members were entitled to and paid minimum wage under the NYLL;

c.    Whether Plaintiff and the Class members were entitled to and paid overtime under the NYLL;

d.    Whether Plaintiff and the Class members were entitled to and paid spread-of-hours pay under the NYLL and NYCRR;

e.    Whether Defendants maintained a policy, pattern, and/or practice of failing to provide statutory meal periods;

f.    Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff's and the Class members' employment, or timely thereafter;

g.    Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiff and the Class members each payday; and

h.      At what common rate or rates subject to a common method of calculation were

and are Defendants required to pay the Class members for their work.

*Typicality*

67.     Plaintiff's claims are typical of those claims which could be alleged by any member of

the Class, and the relief sought is typical of the relief that would be sought by each member of

the Class in separate actions. All the Class members were subject to the same corporate policies

of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants'

corporate-wide policies and practices affected all Class members similarly, and Defendants

benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff

and other Class members sustained similar losses, injuries, and damages arising from the same

unlawful policies, practices, and procedures.

*Adequacy*

68.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no

interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in representing Plaintiff in both class action and wage-and-hour employment litigation

cases.

*Superiority*

69.     A class action is superior to other available methods for the fair and efficient adjudication

of this controversy, particularly in the context of wage-and-hour litigation where individual Class

members lack the financial resources to vigorously prosecute a lawsuit against corporate

defendants. Class action treatment will permit a large number of similarly-situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expenses that numerous individual actions engender.

Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

70.    Defendants and other employers throughout the state of New York violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

71.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully

set forth herein.

72.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

73.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

74.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiff and the Collective Action Members.

## COUNT II.
### [Violations of the New York Labor Law—Nonpayment of Minimum Wage
### Brought on behalf of the Plaintiff and the Rule 23 Class]

75.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL NYLL §§ 2 and 651.

77.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Class for some or all of the hours they worked.

78.     Defendants knowingly and willfully violated Plaintiff's and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

79.     After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the

shortfall plus interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Nonpayment of Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

80.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one-half times (1.5x) the regular rate at which he is employed, or one and one-half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

82.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

83.    Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

84.    At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

85.    The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

86.    Defendants willfully failed to notify Plaintiff and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiff's and the FLSA Collective Members' labor.

87.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiff and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiff and the Collective.

### COUNT IV.
**[Violations of the New York Labor Law—Nonpayment of Overtime**
**Brought on behalf of the Plaintiff and the Rule 23 Class]**

88.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

89.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

90.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one-half times (1.5x) Plaintiff's and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

91.    Defendants' failure to pay overtime violated the NYLL.

92.    Defendants' failure to pay overtime was not in good faith.

### COUNT V.
**[Violation of New York Labor Law—Failure to Pay Spread of Hours**
**Brought on behalf of Plaintiff and Rule 23 Class]**

93.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94.    The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, *et seq.*, and §§650, *et seq.*, and 12 NYCRR § 146-1.6.

95.     Defendants' failure to pay Plaintiffs spread-of-hours pay was not in good faith.

## COUNT VI.
**[Violation of New York Labor Law—Failure to Provide Meal Periods
Brought on behalf of Plaintiff and Rule 23 Class]**

96.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

98.     Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiffs and the Rule 23 class work or worked.

99.     Though the Department of Labor Commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

100.    Defendants' failure to provide the meal periods required by NYLL §162 was not in good faith.

## COUNT VII.
**[Violation of New York Labor Law—Failure to Keep Records
Brought on behalf of Plaintiff and Rule 23 Class]**

101.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

102.    Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for

a period of not less than six years, as required by 12 NYCRR § 146-2.1.

103.     As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

104.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

105.     Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiffs were not in good faith.

**COUNT VIII.**
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice**
**Brought on behalf of Plaintiff and Rule 23 Class]**

106.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

107.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer. NYLL § 195-1(a).

108.     Defendants intentionally failed to provide notice to employees in violation of NYLL § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

109.    Defendants not only did not provide notice to each employee at Time of Hire, but failed to provide notice to Plaintiff even after the fact.

110.    Due to Defendants' violations of New York Labor Law, each Plaintiffs is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. NYLL § 198(1-b).

## COUNT IX.
### [Violation of New York Labor Law—Failure to Provide Pay Stub
### Brought on behalf of Plaintiff and Rule 23 Class]

111.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

112.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

113.    Defendants failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

114.    Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiffs together with costs and attorneys' fees pursuant to New York Labor Law. NYLL §198(1-d).

## COUNT X.
### [Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns
### Brought on behalf of the Plaintiff]

115.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

116.    26 USC § 7434 provides that if any person willfully files a fraudulent information return

with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

117.    Due to Defendants' violations of 26 USC § 7434, Plaintiff is entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

### COUNT XI.
**[Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiff]**

118.    Plaintiff re-alleges and incorporate by reference all preceding paragraphs as though fully set forth herein.

119.    NY General Business Law § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

120.    Due to Defendants' violations of NYGBS § 349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

121.    Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Corporations to recover wages owed as employees of the corporations.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on her own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

      a.      Certification of this case as a collective action pursuant to FLSA;

b.      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action members;

c.      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d.      An injunction against Corporate Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e.      An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours due to Plaintiff and the Collective under FLSA, and to Plaintiff and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g.      Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h.    Reimbursement of reasonable out-of-pocket costs sustained by Plaintiff and similarly situated delivery couriers in the purchase, maintenance, and repair of their delivery vehicles in direct service of Defendants;

i.    An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

j.    The costs and disbursements of this action;

k.    An award of prejudgment and post-judgment interest;

l.    Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4).

m.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: November 14, 2017          TROY LAW, PLLC
       Flushing, NY              *Attorneys for the Plaintiff, proposed FLSA*
                                 *Collective and potential Rule 23 Class*


                                  /s/ John Troy_____
                                 John Troy (JT 0481)
                                 41-25 Kissena Boulevard, Suite 119
                                 Flushing, NY 11355
                                 Tel (718) 762-1324
                                 johntroy@troypllc.com