# SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) CAILING LIU (hereinafter "Plaintiff") (ii) DSM LAUNDROMAT INC. and DING YIN YU a/k/a Ding Xian Yu, MING SEN YU, and MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff was employed by Defendants for certain time periods; and

**WHEREAS**, on November 14, 2017, CAILING LIU, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-06648 (the "Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint;

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by her counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Keli LIU, Esq., HANG & ASSOCIATES, PLLC, 136-20 38th Ave., Suite 10G, Tel: 7183538588, Email: KLIU@hanglaw.com and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, Plaintiff acknowledges that she has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that she understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims only against Defendants and the

Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Thirty-Three Thousand Five Hundred Dollars ($33,500.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Four Hundred Four Dollars And Fifty Cents ($404.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Thirty-Three Thousand Ninety-Five Dollars And Fifty Cents ($33,095.50).

Of the Net Settlement Amount, One Third (1/3), or Eleven Thousand Thirty-One Dollars And Eighty-Three Cents($11,031.83), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Four Hundred Four Dollars And Fifty Cents ($404.50) for a total of Eleven Thousand Four Hundred Thirty-Six Dollars And Thirty-Three Cents ($11,436.33). Of the Net Settlement Amount, Two Thirds (2/3), or Twenty-Two Thousand Sixty-Three Dollars And Sixty-Seven Cents($22,063.67) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

**2. Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows:

i) Installment 1 of 12: Two Thousand Eight Hundred Ten Dollars ($2,810.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 1 months of judicial approval of this settlement agreement and consist of three (3) checks:

> 01) A bank check made payable to "Troy Law, PLLC" in the amount of of Four Hundred Four Dollars And Fifty Cents ($404.50) and memo noting "DSM LAUNDROMAT INC. Settlement Pay 1 of 12" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;

> 02) A bank check of Eight Hundred One Dollars And Eighty-Three Cents ($801.83), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 1 of 12";

> 03) A bank check of One Thousand Six Hundred Three Dollars And Sixty-Seven Cents ($1,603.67), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 1 of 12";

ii) Installment 2 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 2 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 2 of 12";

        02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 2 of 12";

  iii) Installment 3 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 3 months of judicial approval of this settlement agreement and consist of two (2) checks:

        01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 3 of 12";

        02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 3 of 12";

  iv) Installment 4 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 4 months of judicial approval of this settlement agreement and consist of two (2) checks:

        01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 4 of 12";

        02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 4 of 12";

  v) Installment 5 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 5 months of judicial approval of this settlement agreement and consist of two (2) checks:

        01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 5 of 12";

        02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 5 of 12";

vi) Installment 6 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 6 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 6 of 12";
>
> 02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 6 of 12";

vii) Installment 7 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 7 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 7 of 12";
>
> 02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 7 of 12";

viii) Installment 8 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 8 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 8 of 12";
>
> 02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 8 of 12";

ix) Installment 9 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119,

Flushing, NY 11355 within 9 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 9 of 12";

> 02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 9 of 12";

x) Installment 10 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 10 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 10 of 12";

> 02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 10 of 12";

xi) Installment 11 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 11 months of judicial approval of this settlement agreement and consist of two (2) checks:

> 01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 11 of 12";

> 02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 11 of 12";

xii) Installment 12 of 12: Two Thousand Seven Hundred Ninety Dollars ($2,790.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 12 months of judicial approval of this settlement agreement and consist of two (2) checks:

01) A bank check of Nine Hundred Thirty Dollars ($930.00), made payable to "Troy Law, PLLC" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 12 of 12";

02) A bank check of One Thousand Eight Hundred Sixty Dollars ($1,860.00), made payable to "CAILING LIU" and memo noting "DSM LAUNDROMAT INC. Settlement Pay 12 of 12";

### 3. Confession of Judgment

a) Concurrent with the signing of this Stipulation, an authorized corporate authority of DSM LAUNDROMAT INC. and DING YIN YU a/k/a Ding Xian Yu, MING SEN YU, and MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu shall each sign a Confession of Judgment in the form annexed hereto as Exhibits B, C, D, and E in the amount of Sixty-Seven Thousand Dollars ($67,000.00) or two (2) times the Settlement Amount of Thirty-Three Thousand Five Hundred Dollars ($33,500.00) less two times the payments made under the Agreement plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorney's fees incurred by Plaintiff in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement, which Confession of Judgment shall be held in escrow by Plaintiff's Attorney and shall not be filed with the Court unless Defendants fail to pay any of the payments required by paragraph 1 on or by the dates they are due, and fail to cure within ten (10) days of receiving notice of default. The form of the Judgment of Confession may be altered as necessary by Plaintiff's counsel to ensure compliance with the requirements of the Court.

b) Upon receipt of the final installment from Defendants, Plaintiff's Attorney shall destroy the Confession of Judgment and confirm destruction of same to Defendants' Attorney.

### 4. Missed/ Late Payment

a) If the payment is received by Plaintiff's counsel ten (10) or more business days after its due date or if the check is received on time but bounces or is unpresentable for payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to whatever service charge that are incurred as a result of the bounced check and this charge will be paid with the new payment.

b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.

c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

### 5. Attorneys' Fees in the Event of Default

a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

### 6. Stipulation Not To Sell without Advance Notice

a) Defendants' sale of their business shall result in the accelerated payment of the entire Settlement sum.
b) Further, Defendants agree not to sell the business without giving Plaintiffs three months advance notice and further agree to hold any sale proceeds in escrow in the full amount of settlement sum still due to Plaintiffs.
c) Should the proceeds be less than full settlement sum, the entirety of the proceeds shall be held in escrow for Plaintiffs.

### 7. Acceleration of Settlement Sum Upon Default

a) In the event Defendants breach this Settlement agreement by failing to make timely payment and failed to cure such default in the period set forth in this agreement, such breach shall result in accelerated payment of the entire unpaid Settlement sum.

### 8. Tax

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 9. Full Payment

a) Except as set forth in this Paragraph 1, Plaintiff is not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that unless she enters into this agreement, she would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff each acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he/ she has each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.
b) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants, as alleged in the Complaint, including any claims for wages or overtime pay under state, federal or common law, and any claims for liquidated damages, statutory penalties, attorneys' fees, costs, interest and/or other expenses.

### 10. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of her children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) DING YIN YU a/k/a Ding Xian Yu, in his individual and corporate capacities, and his heirs, executors,

administrators, attorneys, successors and assigns; (ii) MING SEN YU, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iv) DSM LAUNDROMAT INC. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims whatsoever alleged in the Complaint, including liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever pertaining to Plaintiff's employment with Defendants as specified in the in the Complaint. This release does not include a release of any rights Plaintiff's may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiff further agrees and understands that she has each waived her right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by her or on her behalf arising from, or in any way relating to, her employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

**11. Discontinuance of Claims**

Plaintiff acknowledges and agrees that she is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or her representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in the Complaint.

**12. Denial of Wrongdoing**

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure

enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 13. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 14. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 15. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 16. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 17. Legal Counsel

Plaintiff is hereby advised of her right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that she is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 18. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

CAILING LIU

_____
Dated:

**DEFENDANTS**

DING YIN YU a/k/a Ding Xian Yu

Dated: 6/6/2018

MING SEN YU

Dated: 6/6/18

MEI YING YU
a/k/a Mei Yung Yu
a/k/a Mei Y Yu
a/k/a Mei Yu

Dated: 6/6/2018

DSM LAUNDROMAT INC.

Name: DING YIN YU
Title: Authorized representative
Dated: 6/6/2018

## EXHIBIT A.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
LIU *et al.*

                              Plaintiff,        Case No.17-cv-06648

        v.

DSM LAUNDROMAT INC. *et al.*             **STIPULATION AND ORDER OF**
                                                                   **DISMISSAL WITH PREJUDICE**

                              Defendants.
-----------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

TROY LAW, PLLC                                 HANG & ASSOCIATES, PLLC
*Attorneys for the Plaintiff*

                                                         *Attorneys for Defendants*

By: ___/s/ John Troy_____        /s/ Keli Liu, Esq._____
John Troy (JT 0481)                            Keli Liu, Esq.
41-25 Kissena Blvd., Suite 119             136-20 38th Ave., Suite 10G
Flushing, NY 11355                            Flushing, New York 11354
Tel: 718 762 1324                               Tel: 7183538588

SO ORDERED.

_____

**Affidavit of Confession**

**Affidavit of Confession of Judgment Individual**

**EXHIBIT B.**

_____ **COURT**
**COUNTY OF** _____  Case No.
-------------------------------------------------------x
CAILING LIU

                                        Plaintiff,  **AFFIDAVIT OF CONFESSION OF JUDGMENT BY DING YIN YU a/k/a Ding Xian Yu**

        v.

DSM LAUNDROMAT INC.; ,
DING YIN YU a/k/a Ding Xian Yu,
MING SEN YU, and
MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu

                                  Defendants.
-------------------------------------------------------x

STATE OF NEW YORK  )
                           ) ss:
COUNTY OF Queens  )

DING YIN YU a/k/a Ding Xian Yu, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 35-09 Prince Street Flushing NY 11354.
2. I am individually named as a Defendant in LIU *et al.* v DSM LAUNDROMAT INC. *et al.*, Civil Action No. Case No. 17-cv-06648 filed in the United States District Court for Eastern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Sixty-Seven Thousand Dollars ($67,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorney's fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff's CAILING LIU (hereinafter "Plaintiff").
5. The facts out of which the debt arose and the sum confession due is set forth below:

6. On November 14, 2017, CAILING LIU, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-05648 (the "Complaint").
7. On or around June 05, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Thirty-Three Thousand Five Hundred Dollars ($33,500.00).
9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff's shall notify Defendants' Attorney Keli Liu, Esq., HANG & ASSOCIATES, PLLC, 136-20 38th Ave., Suite 10G, Tel: 7183538588, Email: Kliu@hanglaw.com, in writing of her intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Sixty-Seven Thousand Dollars ($67,000.00) minus two times the amount that has been paid, plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in New York County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

_____
DING YIN YU (a/k/a Ding Xian Yu)

Sworn to me this 7th day of June 2018

_____
Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021

EXHIBIT C.

```
_____ COURT
COUNTY OF _____                    Case No.
------------------------------------------x
CAILING LIU
                          Plaintiff,         AFFIDAVIT OF CONFESSION
          v.                                 OF JUDGMENT BY MING SEN
DSM LAUNDROMAT INC.; ,                       YU
DING YIN YU a/k/a Ding Xian Yu,
MING SEN YU, and
MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu
a/k/a Mei Yu
                          Defendants.
------------------------------------------x
```

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF Queens   )

MING SEN YU, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at 35-09 Prince Street Flushing NY 11354.
2. I am individually named as a Defendant in LIU *et al.* v DSM LAUNDROMAT INC. *et al.*, Civil Action No. Case No. 17-cv-06648 filed in the United States District Court for Eastern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Sixty-Seven Thousand Dollars ($67,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff's CAILING LIU (hereinafter "Plaintiff").
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On November 14, 2017, CAILING LIU, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-06648 (the "Complaint").

7. On or around June 05, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Thirty-Three Thousand Five Hundred Dollars ($33,500.00).
9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff's shall notify Defendants' Attorney Keli Liu, Esq., HANG & ASSOCIATES, PLLC, 136-20 38th Ave., Suite 10G, Tel: 7183538588, Email: Kliu@hanglaw.com, in writing of her intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Sixty-Seven Thousand Dollars ($67,000.00) minus two times the amount that has been paid, plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in New York County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

_____
MING SEN YU

Sworn to me this 7 day of June 2018

_____
Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021

16 of 20

**EXHIBIT D.**

_____ **COURT**
**COUNTY OF** _____        Case No.
-----------------------------------------------------------x
CAILING LIU

                                      Plaintiff,        **AFFIDAVIT OF CONFESSION**
                 v.                               **OF JUDGMENT BY MEI YING**
DSM LAUNDROMAT INC.; ,                       **YU a/k/a Mei Yung Yu a/k/a Mei Y**
DING YIN YU a/k/a Ding Xian Yu,              **Yu a/k/a Mei Yu**
MING SEN YU, and
MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu
a/k/a Mei Yu
                          Defendants.
-----------------------------------------------------------x
STATE OF NEW YORK    )
                            ) ss:
COUNTY OF _____)

MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu a/k/a Mei Yu, being duly sworn, deposes and states as follows:

1. I am an adult individual residing at _35-09 Prince Street Flushing N.Y. 11354_.
2. I am individually named as a Defendant in LIU *et al.* v DSM LAUNDROMAT INC. *et al.*, Civil Action No. Case No. 17-cv-06648 filed in the United States District Court for Eastern District of New York (the "Lawsuit").
3. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Sixty-Seven Thousand Dollars ($67,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
4. This confession of judgment is for a debt due to Plaintiff's CAILING LIU (hereinafter "Plaintiff").
5. The facts out of which the debt arose and the sum confession due is set forth below:
6. On November 14, 2017, CAILING LIU, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District

of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-06648 (the "Complaint").

7. On or around June 05, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
8. The agreement provides that Defendants will pay Thirty-Three Thousand Five Hundred Dollars ($33,500.00).
9. If Defendants fail to make payments as outlined in Paragraph 8, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff's shall notify Defendants' Attorney, Keli Liu, Esq., HANG & ASSOCIATES, PLLC, 136-20 38th Ave., Suite 10G, Tel: 7183538588, Email: Kliu@hanglaw.com, in writing of her intent to do so, and Defendants shall have ten (10) days to remedy their default.
10. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against myself for the entire amount of Sixty-Seven Thousand Dollars ($67,000.00) minus two times the amount that has been paid, plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
11. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
12. I authorize entry of judgment in New York County, New York.
13. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: 6/6/2018

_____
MEI YING YU
a/k/a Mei Yung Yu
a/k/a Mei Y Yu a/k/a Mei Yu

Sworn to me this 6th day of June 2018

_____
Notary Public

CHETRAM RAMASAMI
Notary Public, State of New York
Reg. No. 01RA6150027
Qualified in Queens County
Commission Expires July 24, 2018
6-6-18

**Affidavit of Confession of Judgment Corp**

EXHIBIT E.

_____ COURT
**COUNTY OF** _____    Case No.

-------------------------------------------------------x
CAILING LIU
                                        Plaintiff,    **AFFIDAVIT OF CONFESSION**
                v.                                          **OF JUDGMENT BY**
DSM LAUNDROMAT INC.,                        Name: _Ding Yin Yu_
DING YIN YU a/k/a Ding Xian Yu,             Title: _Authorized Representative_
MING SEN YU, and                            for **DSM LAUNDROMAT INC.**
MEI YING YU a/k/a Mei Yung Yu a/k/a Mei Y Yu
a/k/a Mei Yu
                              Defendants.
-------------------------------------------------------x
STATE OF NEW YORK   )
                          ) ss:
COUNTY OF _Queens_  )

Name: DING YIN YU , being duly sworn, deposes and states as follows:

1. I am an adult individual residing at _35-09 Prince Street Flushing N.Y. 11354_
2. I am the Title: authorized representative of Corporate Defendant DSM LAUNDROMAT INC., which is named as a Defendant in LIU *et al.* v DSM LAUNDROMAT INC. *et al.*, Civil Action No. Case No. 17-cv-06648 filed in the United States District Court for Eastern District of New York (the "Lawsuit").
3. Deponent is duly authorized to make this affidavit on behalf of Corporate Defendant DSM LAUNDROMAT INC. (the "Corporate Defendant").
4. I make this affidavit pursuant to 3218 of the New York Civil Practice Law and Rules, in support of Plaintiff's application for the entry of a judgment by confession against myself, in the sum of Sixty-Seven Thousand Dollars ($67,000.00), plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
5. This confession of judgment is for a debt due to Plaintiff CAILING LIU (hereinafter "Plaintiff").
6. The facts out of which the debt arose and the sum confession due is set forth below:

7. On November 14, 2017, CAILING LIU, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-06648 (the "Complaint").
8. On or around June 05, 2018, the Plaintiff and Defendants executed a Settlement Agreement and General Release, (the "Agreement").
9. The agreement provides that Defendants will pay Thirty-Three Thousand Five Hundred Dollars ($33,500.00).
10. If Defendants fail to make payments as outlined in Paragraph 9, Plaintiff's may, with notice or demand, except as noted below, declare the entire sum then unpaid immediately due or payable. To exercise this right, Plaintiff shall notify Defendants' Attorney, Keli Liu, Esq., HANG & ASSOCIATES, PLLC, 136-20 38th Ave., Suite 10G, Tel: 7183538588, Email: kliu@hanglaw.com, in writing of her intent to do so, and Defendants shall have ten (10) days to remedy their default.
11. If Defendants do not remedy the default within ten (10) days of Defendants' Attorney's receipt of such notice, I hereby authorize the entry of judgment against the Corporate Defendant DSM LAUNDROMAT INC. for the entire amount of Sixty-Seven Thousand Dollars ($67,000.00) minus two times that amount that has been paid, plus statutory interest thereon for each day beginning on and inclusive of the entry of judgment until said amount is paid by Defendants, together with all costs and attorneys fees incurred by Plaintiff's in connection with any efforts to enforced the confessed judgments less any payments made under the Agreement.
12. I am represented by counsel and have been fully advised in regard to this Agreement and Confession of Judgment.
13. I authorize entry of judgment in New York County, New York.
14. I hereby authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated:

Name: DING YIN YU

Title: Authorized Representative for DSM LAUNDROMAT INC.

Sworn to me this 7 day of June 2018

Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021